**Sofia Yolanda MANRIQUE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2489–AG.**

United States Court of Appeals,
Second Circuit.

Dec. 7, 2005.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Douglas P. Morabito, William J. Nardini, Assistant United States Attorneys, for Respondent.

PRESENT: RAGGI, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

Sofia Yolanda Manrique, through counsel, petitions for review of the BIA decision denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopts the decision of the IJ and merely supplements it, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir. 2005). This Court reviews questions of law de novo. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This BIA's and IJ's factual findings, however, are reviewed under the substantial evidence standard, and must be upheld if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.*

Manrique presented her claim as persecution based on membership in a particular social group, essentially describing that group as "employees who engaged in whistleblowing upon uncovering wrongdoing and received threats as a result." Neither the IJ nor the BIA found that this description constituted a cognizable social group. The BIA has interpreted "particular social group" to mean "a group of persons all of whom share a common, immutable characteristic." *Matter of Acosta,* 19 I. & N. Dec. 211, 233 (BIA 1985). This shared characteristic "must be one that the members of the group cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Id.* Manrique does not meet this definition, given that she never claimed that whistle-blowing, or opposition to corrupt accounting, was fundamental to her identity or conscience. Moreover, she is unlikely to continue her whistle-blowing activities, now that she is no longer working for the company whose wrongdoing she reported.

Even if Manrique's claim is construed as persecution based on political opinion, substantial evidence supports the BIA's finding that she did not establish the required link between the Colombian government and the harm she experienced.

Even if Manrique had established a nexus to a protected ground, the harm she described did not amount to persecution. This Court has explained that persecution must rise above mere harassment, but it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse can also fall within this category. *Tian Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). However, vague threats, without any indication of whether or how they will be acted upon, do not amount to persecution. *Guan Shan Liao v. D.O.J.,* 293 F.3d 61, 70 (2d Cir.2002). Manrique did not indicate that any of the threats she received were accompanied by physical violence, or any specific threat thereof. While she was not required to prove that she suffered physical violence, these threats were too vague to constitute persecution, particularly when there was never any attempt to carry them out. *Id.*

Because Manrique did not establish past persecution, she was not entitled to the presumption that she had a well-found-

ed fear of future persecution. 8 C.F.R. § 208.13(b)(1). Moreover, the BIA and IJ found that the two return trips she made to Colombia in 2000 adequately rebutted her claim of a well-founded fear. Manrique even testified that she was not afraid to return to Colombia at that time, and did not suggest that conditions in Colombia had worsened since that time. Therefore, substantial evidence supports the finding that Manrique did not have a well-founded fear of persecution in Colombia.

Manrique failed to raise a challenge to the IJ's denial of her CAT claim, and therefore this claim is deemed waived. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

Accordingly, the petition for review is denied, the BIA's decision is affirmed, and the outstanding motion for stay of removal is denied.